Steven J. Luckner, Esq.
Jason W. Isom, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Steven.Luckner@ogletreedeakins.com
Jason.Isom@ogletreedeakins.com
Attorneys for Defendants
Leidos Innovations Corporation (improperly pled as "Leidos, Inc."),
Richard Leuser, and Kevin Taylor

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER FRENCH,<br><br>Plaintiff,<br><br>v.<br><br>LEIDOS, INC., RICHARD LEUSER, KEVIN TAYLOR, JOHN DOES 1-5 (fictitious names representing presently unidentified individuals); ABC CORPORATIONS 1-5 (fictitious names representing presently unidentified business entities);<br><br>Defendant. | Hon. William J. Martini, U.S.D.J.<br>Civ. Action No.: 2:18-cv-17354<br><br>**DEFENDANT LEIDOS INNOVATIONS CORPORATION'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Leidos Innovations Corporation (improperly pled as "Leidos, Inc.") (hereinafter, "Defendant" or "Leidos"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of Answer to Plaintiff's Complaint ("Complaint"), states as follows:

## **"PARTIES"**

1. Defendant denies the allegations in Paragraph 1 of the Complaint, except to admit that Plaintiff was employed by Leidos as an Environmental Technician and worked at Defendant's office located in Edison, New Jersey. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1

2. Defendant denies the allegations in Paragraph 2 of the Complaint, except to admit that Leidos is incorporated in the State of Delaware and has a principal place of business in Reston, Virginia. The remaining allegations in Paragraph 2 of the Complaint assert a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3 of the Complaint, except to admit that Defendant Leuser was a Deputy Program Manager at Leidos. The remaining allegations in Paragraph 3 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4 of the Complaint, except to admit that Defendant Taylor was a Program Manager at Leidos. The remaining allegations in Paragraph 4 of the Complaint assert a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

## "NATURE OF THE ACTION"

7. Defendant denies the allegations in Paragraph 7 of the Complaint. Defendant further denies that Plaintiff is entitled to judgment against Defendant and that Plaintiff is entitled to relief of any kind, including, without limitation, any of the relief demanded in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint. Defendant further denies that Plaintiff is entitled to judgment against Defendant, and that Plaintiff is entitled to relief of any kind, including, without limitation, any of the relief demanded in Paragraph 8 of the Complaint.

## "FACTS COMMON TO ALL CLAIMS"

9. Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 8 of the Complaint, as if set forth in full herein.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, except to admit that Defendant provides technology systems consulting, integrated information technology solutions, management services, and support services to customers in data analytics, data center operation, and air traffic management. Leidos' Mission Statement is a writing that speaks for itself.

11. Defendant denies the allegations in Paragraph 11 of the Complaint, except to admit that, as an Environmental Technician, Plaintiff's job duties consisted of, *inter alia*, working on field assignments for environmental consulting projects on behalf of Defendant.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint, except to admit that a client asked Defendant Leuser to limit Environmental Technicians to fifty (50) hours per month on Work Assignment WA-012.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint, except to admit that, in July 2016, Defendant issued Plaintiff an Employee Performance Notice. The foregoing document is a writing that speaks for itself.

27. Defendant denies the allegations in Paragraph 27 of the Complaint, except to admit that, in August 2016, a client asked that Defendant remove Plaintiff from one of its projects.

28. Defendant is without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint. To the extent a response is required, Defendant denies the

allegations in Paragraph 28 of the Complaint.  To the extent Plaintiff refers to a writing, it speaks for itself.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. To the extent Plaintiff refers to a writing, it speaks for itself.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint, except to admit that in or about February 2017, Defendant Leuser changed Plaintiff from full-time status to part-time status due to lack of available work.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint, except to admit that on or about April 4, 2017, Plaintiff sent an email to Defendant Leuser regarding an employee's billing practices. The foregoing email is a writing that speaks for itself.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, except to admit Defendant thoroughly investigated Plaintiff's allegations and concluded they were unsubstantiated.

37. Defendant denies the allegations in Paragraph 37 of the Complaint, except to admit that on September 5, 2017, Plaintiff emailed Defendant Leuser, Defendant Taylor, and several other individuals. The foregoing email is a writing that speaks for itself.

38. Defendant denies the allegations in Paragraph 38 of the Complaint, except to admit that on September 5, 2017, Plaintiff emailed Defendant Leuser, Defendant Taylor, and several other individuals. The foregoing email is a writing that speaks for itself.

39. Defendant denies the allegations in Paragraph 39 of the Complaint, except to admit that on September 5, 2017, Plaintiff emailed Defendant Leuser, Defendant Taylor, and several other individuals. The foregoing email is a writing that speaks for itself.

40. Defendant denies the allegations in Paragraph 40 of the Complaint, except to admit that on or about September 6, 2017, Plaintiff spoke with Dawnne Robinson via telephone about his employment with Defendant.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint, except to admit that on or about September 13, 2017, Plaintiff spoke with Michael Gans, an HR Director at Defendant.

43. Defendant denies the allegations in Paragraph 43 of the Complaint except to admit that, on September 20, 2017, after Plaintiff refused to work on a specific project assigned to him, Defendant offered Plaintiff a change in status from part-time status to consulting employee status; Plaintiff rejected this offer and requested a layoff, which Defendant granted.

## "COUNT ONE"

## "RETALIATION IN VIOLATION OF NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA")"

44. Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 43 of the Complaint, as if set forth in full herein.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint and Defendant further denies that Plaintiff is entitled to judgment against Defendant, that Plaintiff is entitled to relief of any kind, including, without limitation, any of the relief demanded in "Wherefore" clause of Count One of the Complaint.

### "COUNT TWO"

### "WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY"

50. Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 49 of the Complaint, as if set forth in full herein.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint and Defendant further denies that Plaintiff is entitled to judgment against Defendant that Plaintiff is entitled to relief of any kind, including, without limitation, any of the relief demanded in "Wherefore" clause of Count Two of the Complaint.

### SEPARATE DEFENSES

Defendant asserts the following separate defenses, without assuming the burden of proof on any separate defense except as required by law.

1. The Complaint fails to state a claim upon which relief can be granted against Defendant.

2. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3. Plaintiff was an "at will" employee of Defendant, whose employment was subject to termination at any time and for any reason.

4. All actions taken with respect to Plaintiff's employment, including disciplinary actions and termination, were based upon legitimate, non-retaliatory business reasons as determined by Defendant based upon its business judgment and in good faith.

5. Plaintiff's claim for damages is barred, in whole or in part, by his failure to mitigate damages.

6. Any damages incurred by Plaintiff were not caused or proximately caused by Defendant.

7. Defendant had appropriate and effective policies in place regarding retaliation.

8. Defendant is not liable for punitive damages because neither Defendant, nor any of its employees, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

9. Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by Defendant.

10. Plaintiff's claim for punitive damages is barred because, at all times, Defendant acted in good faith to comply with all applicable anti-retaliation laws.

11. Plaintiff's claims are barred by his own negligent and/or intentional acts and/or omissions.

12. Some or all of Plaintiff's claims may be barred by the doctrine of unclean hands.

13. Some or all of Plaintiff's claims may be barred by the doctrines of laches, waiver, or estoppel.

14. Plaintiff's claims and/or any damages may be barred by the after acquired evidence doctrine.

15. To the extent any unlawful conduct is found to have been committed by any agent of Defendant, Defendant should not be held liable because the conduct was outside the scope of the agent's employment, and the agent did not act with express or implied authority, and Defendant did not ratify or approve any unlawful conduct.

16. To the extent any decision made or action taken with regard to Plaintiff was based upon an impermissible motive, Defendant would have made the same decision regardless of such motive.

17. Plaintiff's claims are barred because he failed to engage in protected activity.

18. Plaintiff's claims are barred because the decision-makers were not aware of some or all of Plaintiff's alleged protected activity.

19. Plaintiff's claims are barred because there is no causal connection between his alleged protected activity and any adverse action taken against him.

20. Plaintiff's claims are barred because he failed to complain, disclose, or object to workplace conduct that he reasonably believed violated a law or regulation.

21. Plaintiff's claims are barred because he failed to complain, disclose, or object to workplace conduct that he reasonably believed was fraudulent or criminal.

22. Plaintiff's claims are barred because he failed to complain, disclose, or object to workplace conduct that he reasonably believed was incompatible with a clear mandate of public policy concerning the public health, safety, or welfare.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to later amend this pleading by asserting additional defenses and/or otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative hereto.

**WHEREFORE**, Defendant hereby demands judgment against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding to Defendant's attorneys' fees, costs, interest, and such other and further relief as the Court deems equitable and just.

        Respectfully Submitted,

        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
        Attorneys for Defendants
        Leidos Innovations Corporation
        (improperly pled as "Leidos, Inc."),
        Richard Leuser, and Kevin Taylor

By:    /s/ Steven J. Luckner
        Steven J. Luckner, Esq.
        Jason W. Isom, Esq.
        10 Madison Avenue, Suite 400
        Morristown, New Jersey 07960
        Telephone: (973) 656-1600
        Facsimile: (973) 656-1611
        Steven.Luckner@ogletreedeakins.com
        Jason.Isom@ogletreedeakins.com

Dated:  Morristown, New Jersey
         December 24, 2018

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 8.1 of the Local Rules of the District of New Jersey, Defendant demands a written statement of the amount of damages claimed by Plaintiff within ten (10) days of service of the within Answer.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendants
Leidos Innovations Corporation (improperly pled as "Leidos, Inc."),
Richard Leuser, and Kevin Taylor

By: /s/ Steven J. Luckner
Steven J. Luckner, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Steven.Luckner@ogletreedeakins.com

Dated: December 24, 2018

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

    I hereby certify that the matter in controversy is not, to my knowledge, the subject of any other pending action, arbitration proceeding or administrative proceeding, and that no other action, arbitration proceeding or administrative proceeding is contemplated by the Defendant at this time. I am not aware of any other parties who should be joined in this action at this time.

                                                  Respectfully Submitted,

                                                  **OGLETREE, DEAKINS, NASH,**
                                                  **SMOAK & STEWART, P.C.**
                                                  Attorneys for Defendants
                                                  Leidos Innovations Corporation
                                                  (improperly pled as "Leidos, Inc."),
                                                  Richard Leuser, and Kevin Taylor

                            By:    /s/ Steven J. Luckner
                                          Steven J. Luckner, Esq.
                                          10 Madison Avenue, Suite 400
                                          Morristown, New Jersey 07960
                                          Telephone: (973) 656-1600
                                          Facsimile: (973) 656-1611
                                          Steven.Luckner@ogletreedeakins.com

Dated: December 24, 2018

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Answer and Separate Defenses to Plaintiff's Complaint, Defendant's Rule 11.2 Certification, and this Certificate of Service were electronically filed with this Court, and thereby simultaneously served via ECF upon:

R. Armen McOmber, Esq.
**MCOMBER & MCOMBER, P.C.**
54 Shrewsbury Avenue
Red Bank, NJ 07701
Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendants
Leidos Innovations Corporation
(improperly pled as "Leidos, Inc."),
Richard Leuser, and Kevin Taylor

By:  /s/ Steven J. Luckner
Steven J. Luckner, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Steven.Luckner@ogletreedeakins.com

Dated: December 24, 2018

36579170.1

13